UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | |
|---|---|
| In re: ) | |
| ) | |
| MARK STEPHEN NEIGHBORS ) | Case No. 11-21003 |
| SHELLY KAY NEIGHBORS ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |
| MARK STEPHEN NEIGHBORS ) | |
| SHELLY KAY NEIGHBORS ) | |
| Plaintiffs, ) | |
| ) | Adversary Action No. |
| v. ) | |
| ) | |
| NATIONSTAR MORTGAGE LLC ) | |
| ) | |
| Defendant. ) | |

COMPLAINT SEEKING AVOIDANCE OF MORTGAGE LIEN
AND/OR FOR DAMAGES

COME NOW the Plaintiffs Mark Stephen Neighbors and Shelly Kay Neighbors ("Neighbors"), and for their Complaint against the Defendant Nationstar Mortgage LLC ("Nationstar"), state and allege as follows:

INTRODUCTION

1. This is an action to avoid the mortgage lien of Nationstar against the real estate located at 16959 Gentle Slopes Drive, Gravois Mills, Missouri and/or for an award for damages against Nationstar.

JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §1334(b) in that this proceeding arises in and is related to the above-captioned Chapter 11 case under Title 11, United States Code, and concerns recovery of property of the Neighbors.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B) and (K). This proceeding relates to the bankruptcy case of Mark Stephen Neighbors and Shelly Kay Neighbors, Case No. 11-21003, now pending before this Court. Neighbors filed their petition for relief on April 12, 2011.

4. Venue lies in this District pursuant to 28 U.S.C.§1409(a).

## PARTIES

5. Defendant Nationstar can be served at Nationstar Mortgage LLC 350 Highland Drive, Lewisville, TX 75067.

## FACTS

6. On or about October 25, 2005, Neighbors executed a Promissory Note in the original principal amount of $305,000 in favor of Cornerstone Bank, which Promissory Note was secured by a Deed of Trust against real property owned by the Neighbors. The Neighbors and Cornerstone Bank intended the bank's lien to be against the real property at 16963 Gentle Slopes Drive, Gravois Mills, Missouri. The Deed of Trust that was executed by the Neighbors and recorded with the Morgan County Recorder of Deeds reflected a legal description for the real property located at 16959 Gentle Slopes Drive, Gravois Mills, Missouri (i.e. Lot E-5), another property owned by Neighbors but pledged as security for a different Promissory Note.

7. For sake of ease in understanding the legal descriptions and addresses for the three (3) properties owned by the Neighbors, the following information is instructive:

16959 Gentle Slopes Drive, Gravois Mills, MO is known as Lot E-5

16961 Gentle Slopes Drive, Gravois Mills, MO is known as Lot E-4

16963 Gentle Slopes Drive, Gravois Mills, MO is known as Lot E-3

8. On December 14, 2011, Neighbors filed a Motion to Sell 16959 Gentle Slopes Drive

and 16961 Gentle Slopes Drive, both in Gravois Mills, Missouri. (Doc.#109). The Court set a deadline of January 4, 2012 for objections to said Motion. On January 5, 2012, the Court entered its Order (Doc. #117) granting said Motion.

9. On January 25, 2012, the Neighbors discovered that Nationstar had a lien on 16959 Gentle Slopes Drive rather than on 16963 Gentle Slopes Drive when they had a title commitment run for the purpose of selling the 16959 Gentle Slopes Drive property.

10. At that time in 2012, the Neighbors had an offer to sell the property at 16959 Gentle Slopes Drive for $245,000.

11. On February 21, 2012, the Neighbors filed a Motion to Sell 16963 Gentle Slopes Drive (Doc. #125). Bank of America, through Millsap & Singer law firm, filed a Motion to Extend the Time for it to file an objection to the Motion (Doc. #132).

12. On March 22, 2012, Bank of America, through another attorney C. Spence Stover, filed a response to the Motion (Doc. #140).

13. On March 29, 2012, the undersigned sent an email to C. Spence Stover offering a settlement whereby the Neighbors would agree to sign the documents necessary to correct the error whereby Bank of America which had a lien on E-5 would then have a lien on E-3, and in exchange, Bank of America would agree to a treatment in the Plan of Reorganization whereby the secured claim against E-3 would be set at $200,000 payable at 3.5% interest and amortized over 30 years.

14. On April 2, 2012, C. Spence Stover sent an email that he submitted the offer to Bank of America. On April 10, 2012, the undersigned contacted Mr. Stover again to see about the progress of the offer and to make sure Bank of America was aware that by not releasing its improperly recorded Deed of Trust on E-5, it was causing damage to the Neighbors.

15. On April 24, 2012 and on May 8, 2012, C. Spence Stover sent an email that Bank of America was willing to release any lien other than on 16963 Gentle Slopes Drive and that it would agree to a proposed cramdown as set forth in paragraph 13 above as long as the Neighbors paid for escrow of taxes and insurance. On May 8, 2012, the Neighbors accepted Bank of America's counteroffer as set forth in this paragraph.

16. On May 14, 2012, Mr. Stover sent an email that stated: "Since we have an agreement, my thought on how to proceed is to submit an agreed order resolving the motion to sell and file a joint motion with agreed order modifying the automatic stay with the limited purpose of reforming the deed of trust. Please share your thoughts."

17. On May 23, 2012, the undersigned contacted Mr. Stover and asked about preparing the proposed order on selling the two properties and on May 25, 2012, Mr. Stover sent the undersigned proposed documents per the settlement reached as outlined herein. Further emails were sent on July 15, 2012.

18. On June 14, 2012, in reliance of the emails from Mr. Stover that an agreement had been reached, the Neighbors filed an amended Plan of Reorganization that provided for treatment to Bank of America as a Class 2 secured creditor as follows:

" **Bank of America: $262,428.32.** Class 2 is impaired by this Plan as Bank of America is owed $262,428.32 and its collateral is real property at 16959 Gentle Slopes Dr., Gravois Mills, Missouri, known as the Buffalo Rental, which has a value of $259,600. Debtors will retain the property and pay Bank of America as a secured creditor the sum of $200,000 payable with interest on the unpaid balance at 3.25%, amortized over 30 years. The Debtors will make monthly payments of principal, interest, taxes and insurance. The loan is secured by a Deed of

Trust to Bank of America. The Debtors discovered that Bank of America's mortgage lien was recorded against the wrong property. The Debtors have agreed to allow Bank of America to record its Deed of Trust against the proper property at 16963 Gentle Slopes Drive, Gravois Mills MO and to release the improperly recorded Deed of Trust against 16959 Gentle Slopes Drive, Gravois Mills, MO."

19. On July 17, 2012, Mr. Stover sent an email stating "I apologize for the delay getting back to you. I have been trying to get my client to approve of the new deed of trust and release of lien. I will keep following up with them. In the interim, I will amend the bankruptcy orders I sent to you previously and send them for your approval."

20. On July 23, 2012, the undersigned contacted Mr. Spence and asked if the bank would be able to release the Deed of Trust on E-5 within 30-45 days if the Neighbors had a buyer ready to close. On September 13, 2012, almost two months later, Mr. Stover responded " I am still trying to get BOA to approve the final order. I have followed up with the bank and will continue to constantly do so in order to obtain approval asap."

21. On April 16, 2013, now almost a full year after the May 14, 2012 email in which Mr. Stover acknowledged the settlement, Mr. Stover sends the undersigned the following email: " I have made repeated attempts over the past several months to receive formal approval from Nationstar of the attached Release of Lien and Amended Deed of Trust. I hope to have formal approval in the next couple of days. However, in the interim, I thought I would provide both documents to you for your review. Please advise if you have any questions or concerns about the attached documents."

22. On April 17, 2013, Mr. Stover sent an email acknowledging that Nationstar, the

successor in interest to Bank of America, now approved the documents.

23. Thereafter, Nationstar unreasonably demanded access to the property so that it could have an appraiser view the property for an appraisal. When the Neighbors questioned the need for an appraisal if the parties had reached an agreement, Mr. Stover advised that there was no agreement.

24. On October 6, 2013, C. Spence Stover, on behalf of Nationstar, filed a Motion for Relief from Automatic Stay (Doc. #255), and on November 5, 2013, the Neighbors filed a Response to said Motion (Doc. #258).

25. In the past almost three (3) years, the Neighbors have been unable to sell 16959 Gentle Slopes Drive and 16963 Gentle Slopes Drive as Bank of America and then Nationstar both agreed (i) to resolve the issues with the mortgage liens on these properties and (ii) to settle the treatment of Bank of America and now Nationstar's secured claim; and then Nationstar backed out on its agreement.

26. In the past almost three (3) years, the Neighbors have been unable to lease these properties as the Neighbors were concerned that if they committed to a lease with a third party that they might not be able to honor the lease as Bank of America and then Nationstar failed to respond to repeated and constant emails to complete the settlement and then, denied that a settlement had been reached. The Neighbors lost substantial revenue from leasing these two properties.

27. In the past almost (3) years, the Neighbors have expended substantial funds for attorneys fees and expenses in their attempts to resolve the issues with Bank of America and then Nationstar as to the mortgage liens on these properties and the treatment of the secured claim in

6

the Plan of Reorganization.

28. In the past almost (3) years, the Neighbors have expended substantial funds for insurance premiums, real estate taxes, maintenance, home association dues and other costs while waiting for Bank of America and then Nationstar to complete the settlement that these two lenders had agreed to enter into.

CLAIMS FOR RELIEF

29. The Neighbors seek an Order pursuant to the Court's equitable powers contained in 11 U.S.C. Section 105 to void the mortgage lien of Nationstar as to 16959 Gentle Slopes Drive, Gravois Mills, Missouri and to treat the claim of Nationstar as a general unsecured claim.

30. In the alternative, if the Court would not void the mortgage lien of Nationstar, the Neighbors pray for an Order directing Nationstar to proceed with the settlement as provided herein and as set out in the Amended Plan of Reorganization.

31. The Neighbors seek an additional Order notwithstanding whether the Court would grant the Neighbors a judgment based upon the prayers in paragraphs 29 or 30, to further assess damages against Nationstar for the damages and expenses detailed herein and for the lost revenue detailed herein and for the attorneys fees that Neighbors were forced to expend in this mater.

WHEREFORE, the Neighbors, having set forth their claims for relief against the Defendant Nationstar, respectfully pray that the Court grant the Neighbors relief as set forth in paragraphs 29, 30 and 31 above, and for such further relief as the Court deems just and proper.

Dated this 26th day of February, 2014.

KRIGEL & KRIGEL, P.C.

/s/ Erlene W. Krigel
Erlene W. Krigel, KS 70425
4550 Belleview
Kansas City, Missouri 64111
Telephone: (816) 756-5800
Facsimile: (816) 756-1999
ekrigel@krigelandkrigel.com
ATTORNEYS FOR PLAINTIFFS